IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL McCANN,

    Petitioner,                    No. CIV S-11-1463 LKK DAD P

    vs.

RICK HILL, Warden,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 4, 2011, respondent filed a motion to dismiss, arguing that the claims set forth in the federal habeas petition pending before this court fail to state a cognizable claim for habeas relief and are unexhausted and procedurally barred. Petitioner has filed an opposition to the motion, and respondent has filed a reply.

**BACKGROUND**

        On May 19, 2011, petitioner commenced this action by filing a petition for writ of habeas corpus, challenging a prison rules violation report ("RVR") and a thirty-day time credit forfeiture he received in 2009 following a prison disciplinary conviction on the charge of over-familiarity towards staff.  Petitioner claims, inter alia, that there was no reliable evidence presented to support the finding by prison officials that he was guilty of that prison disciplinary

1

violation. In terms of relief, petitioner seeks dismissal of the RVR. (Pet. at 5.)

Petitioner unsuccessfully challenged the RVR by filing an administrative appeal at his institution of incarceration. Subsequently, he filed three petitions for writ of habeas corpus in state court. First, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. That court denied the petition as procedurally barred and for failure to state a prima facie case for relief. Next, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. The state appellate court denied that petition on the merits. Finally, petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The California Supreme Court denied that petition with a citation to In re Dexter, 25 Cal. 3d 921, 925 (1979). (Resp't's Mot. to Dismiss Exs. 3-7.) As noted above, on May 19, 2011, petitioner filed his federal habeas petition in this court.

## RESPONDENT'S MOTION TO DISMISS

I. Respondent's Motion

Respondent moves to dismiss the pending petition, arguing that the claims set forth therein fail to state a cognizable claim for federal habeas relief. Respondent also argues that the California Supreme Court did not reach the merits of petitioner's claims as reflected by that court's citation to In re Dexter, 25 Cal. 3d 921, 925 (1979) in denying relief, and therefore, petitioner has failed to properly exhaust his habeas claims in state court. Finally, respondent argues that the claims set forth in the pending federal petition are procedurally barred because the California courts rejected those claims based on California's administrative exhaustion rule, an independent and adequate state law ground. (Resp't's Mot. to Dismiss at 3-10.)

II. Petitioner's Opposition

In opposition to respondent's motion to dismiss, petitioner argues that his petition states cognizable claims for federal habeas corpus relief. Petitioner also argues that he has done all that he can do within the state judicial process to obtain habeas relief. Finally, petitioner argues that the RVR at issue in this action was not supported by any evidence and should be

dismissed.  (Petn'r's Opp'n to Resp't's Mot. to Dismiss at 5-13.)

III. Respondent's Reply

In reply, respondent argues that petitioner has failed to refute any of the grounds for dismissal set forth in the pending motion to dismiss.  Respondent also reiterates that petitioner's claims are not cognizable, petitioner has failed to properly exhaust his claims in state court and petitioner's claims are procedurally barred.  (Resp't's Reply at 1-3.)

**ANALYSIS**

Even assuming for the sake of argument that the claims set forth in the pending petition are cognizable, the court will nevertheless recommend that the petition be dismissed because petitioner's claims are unexhausted or, alternatively, are procedurally barred.

I. Exhaustion of State Court Remedies

State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims.  See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)).  Generally speaking, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1).  The exhaustion requirement will not be deemed to have been waived unless the state, through counsel, expressly waives the requirement.  28 U.S.C. § 2254(b)(3).

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court.  See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v.

1  Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008). A
2  federal claim is fairly presented if the petitioner has described the operative facts and the federal
3  legal theory upon which his claim is based. See Wooten, 540 F.3d at 1025 ("Fair presentation
4  requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the]
5  asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004)
6  (same) (quoting Picard, 404 U.S. at 276)); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003),
7  overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v.
8  Thompson, 197 F.3d 359, 364 (9th Cir. 1999); see also Bland v. California Dep't of Corrs., 20
9  F.3d 1469, 1473 (9th Cir. 1994).

10    In this case, the court finds that petitioner's claims are unexhausted. As noted
11  above, the California Supreme Court denied petitioner's state habeas petition with a citation to
12  the In re Dexter, 25 Cal. 3d 921, 925 (1979) decision. In In re Dexter, the California Supreme
13  Court held that the court will not afford a prisoner judicial relief unless he has exhausted
14  available administrative remedies. 25 Cal. 3d at 925. The California Supreme Court's citation to
15  In re Dexter here signifies that the court did not reach the merits of petitioner's claims because he
16  had failed to exhaust his available administrative remedies. See Harris v. Superior Court, 500
17  F.2d 1124, 1128 (9th Cir. 1974) (en banc) ("If the denial of the habeas corpus petition includes a
18  citation of an authority which indicates that the petition was procedurally deficient or if the
19  California Supreme Court so states explicitly, then the available state remedies have not been
20  exhausted as the California Supreme Court has not been given the required fair opportunity to
21  correct the constitutional violation."); see also Johnson v. Harrington, No. 1:11-cv-00207-AWI-
22  DLB (HC), 2011 WL 1807219 at *2 (E.D. Cal. May 11, 2011) ("Petitioner failed to exhaust his
23  claims because the California Supreme Court did not reach the merits of the claims, but instead
24  [cited In re Dexter and] denied the habeas petition for failure to exhaust administrative
25  remedies."); Gaston v. Harrington, No. 1:09-CV-01025 OWW GAS HC, 2009 WL 3627931 at
26  *2 (E.D. Cal. Oct. 29, 2009) (federal habeas petition is unexhausted because the California

1  Supreme Court, citing In re Dexter, declined to review the petition on the merits because
2  petitioner had not exhausted his administrative remedies); Rodriguez v. Yates, No. 1:08-cv-
3  01150 AWI YNP (DLB) (HC), 2009 WL 3126317 at *3 (E.D. Cal. Sept. 24, 2009) ("Thus, a
4  denial of Petitioner's final state habeas petition with a citation to Dexter is a denial on procedural
5  grounds, leaving Petitioner's state remedies unexhausted."); Mimms v. Galaza, 1:08 CV 0532
6  AWI WMW HC, 2009 WL 652835 at *1 (E.D. Cal. Mar. 12, 2009) (by presenting the California
7  Supreme Court with a state habeas petition prior to exhausting his administrative remedies, the
8  petitioner precluded the court from reaching the merits of the petition).  In this regard, petitioner
9  has not fairly presented his claims to the state's highest court and has not satisfied the exhaustion
10 requirement.  Accordingly, respondent's motion to dismiss the pending petition due to
11 petitioner's failure to properly exhaust his habeas claims in state court should be granted.

II. Procedural Default

The court now turns to respondent's contention that petitioner's claims are also procedurally barred.  The United States Supreme Court has recently affirmed that a federal court will not review a habeas claim rejected by a state court if that court's decision rests on a state law ground that is both independent of the federal question and adequate to support the judgment. See Walker v. Martin, ___ U.S. ___, 131 S. Ct. 1120, 1127 (2011) (quoting Beard v. Kindler, 558 U.S. ___, ___, 130 S. Ct. 612, 615 (2009)).  See also Coleman v. Thompson, 501 U.S. 722, 729 (1991).  "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to the adjudication of the claim on the merits.  Walker, 131 S. Ct. at 1127.

California's administrative exhaustion rule is based solely on state law and is therefore independent of federal law.  See Carter v. Giurbino, 385 F.3d 1194, 1197-98 (9th Cir. 2004) ("A state ground is independent only if it is not interwoven with federal law.").  See also Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare.").  California's

1  administrative exhaustion rule has also been firmly established and has been regularly followed
2  since 1941 and is therefore adequate to support a judgment. See In re Muszalski, 52 Cal. App.
3  3d 500, 503 (1975) ("It is well settled as a general proposition that a litigant will not be afforded
4  relief in the courts unless and until he has exhausted available administrative remedies.");
5  Abelleira v. District Court of Appeal, 17 Cal. 2d 280, 292 (1941) ("the rule is that where an
6  administrative remedy is provided by statute, relief must be sought from the administrative body
7  and this remedy exhausted before the courts will act."). See also Drake v. Adams, No. 2:07-cv-
8  00577 JKS, 2009 WL 2474826 at *2 (E.D. Cal. Aug. 11, 2009) ("In reviewing California cases
9  in which the issue of exhaustion was decided during the past 10 years, the Court was unable to
10 find a single case in which a California appellate court did not deny a petition for failure to
11 exhaust administrative remedies.  Thus, this doctrine appears to be well established and
12 consistently applied.").

13         As an initial matter, after reviewing the record in this case, the court finds that
14 petitioner failed to exhaust his administrative remedies. On July 14, 2009, petitioner filed an
15 administrative appeal complaining that Officer Brown issued him a CDC-128 informative chrono
16 falsely accusing him of trying to become over-familiar with her.  In terms of relief, petitioner
17 requested that prison officials remove the CDC-128 from his central file.  Petitioner pursued his
18 appeal through the first and second formal levels of review asserting the same challenge to the
19 disciplinary conviction and seeking the same relief.  When petitioner appealed to the third and
20 final level of review, however, he raised a new complaint.  Specifically, at that stage petitioner
21 complained about the RVR he challenges in this action.  The director's level of review screened
22 out the new complaint and explained:

> The appellant has added new issues and requests to his appeal
> regarding a falsified CDC Form 115, Rules Violation Report
> (RVR) he received.  The additional requested action is not
> addressed herein as it is not appropriate to expand the appeal
> beyond the initial problem and the initially requested action (CDC
> Form 602, Inmate/Parolee Appeal Form, Sections A and B).  This
> must be submitted to the institution for review separately in order

1  to allow institutional staff the opportunity to respond and possibly
2  provide appellant with a satisfactory response.

3  (Resp't's Mot. to Dismiss, Ex. 4.)

4  Thereafter, petitioner filed a petition for writ of habeas corpus with the
5  Sacramento County Superior Court challenging the RVR. In denying the petition, that court
6  explained that petitioner's claims were procedurally barred because he failed to exhaust his
7  administrative remedies. Specifically, the Sacramento County Superior Court observed that the
8  director's level of review explicitly stated that its decision did not address petitioner's attempt to
9  add a challenge to his RVR. Nor had petitioner shown that his failure to exhaust administrative
10 remedies was excused. Moreover, the court noted that, even if petitioner's claims were not
11 procedurally barred, petitioner had failed to state a prima facie case for relief. Subsequently, the
12 California Court of Appeal denied the petition on the merits and the California Supreme Court
13 summarily denied the petition with a citation to the In re Dexter decision.

14 In this case, the court finds that petitioner's claims are procedurally barred. See
15 Carter, 385 F.3d at 1197 (one-sentence summary denial of petition incorporating unelaborated
16 case citation sufficient for procedural default); Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir.
17 2003) (procedural bar still applies even if the state court based its denial on alternative grounds
18 as long as at least one of them was an adequate and independent procedural ground). As noted
19 above, in In re Dexter, the California Supreme Court held that the court will not afford a prisoner
20 judicial relief unless he has exhausted available administrative remedies. 25 Cal. 3d at 925.
21 California's administrative exhaustion rule is both independent of federal law and adequate to
22 support the state court judgment. See Gaston v. Hedgepeth, No. C 10-4068, 2011 WL 5445651
23 at *2 (N.D. Cal. Nov. 9, 2011) ("The California Supreme Court's citation to Dexter is thus
24 independent and adequate to bar Petitioner's claim from federal habeas review."); Edwards v.
25 Small, Civil No. 10CV918-JM(JMA), 2011 WL 976606 at *8-9 (S.D. Cal. Feb. 18, 2011)
26 (finding all claims presented in the petition procedurally barred because failure to exhaust

administrative remedies is an independent and adequate state procedural rule); Hoover v. Swarthout, No. 2:10-cv-1447 WBS KJN, 2011 WL 1363813 at *7 (E.D. Cal. Apr. 11, 2011) ("The order by the California Supreme Court [citing In re Dexter] indicated that its decision rested on a state procedural bar."); Wilson v. Evans, No. 2:07-cv-01808-ATG (HC), 2009 WL 2407692 at *3 (E.D. Cal. Aug. 4, 2009) (by presenting his state habeas petition to the California Supreme Court before he exhausted his available prison administrative remedies, he "essentially foreclosed any consideration of the merits of the petition"); Patterson v. Mendoza-Powers, No. 1:07-cv-00686-OWW-TAG HC, 2009 WL 277502 at *2 (E.D. Cal. Feb. 5, 2009) (rule in In re Dexter is an independent and adequate state ground that bars the court from reaching the merits of petitioner's federal habeas claims).

Moreover, petitioner has not alleged any facts to cast doubt on the adequacy or consistent application of California's administrative exhaustion rule. See Bennett, 322 F.3d at 586. Nor has petitioner asserted that the California Supreme Court's administrative exhaustion rule "discriminates against claims of federal rights." See Walker, 131 S. Ct. at 1130. Finally, although petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice, he has advanced no such arguments here. See Bennett, 322 F.3d at 580. Petitioner also has not demonstrated that this court's failure to consider his claims for federal habeas relief will result in a fundamental miscarriage of justice. See id. Accordingly, respondent's motion to dismiss should be granted on the grounds that petitioner's claims for relief are procedurally barred as well.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss for failure to exhaust state court remedies or alternatively, because petitioner's claims are procedurally barred (Doc. No. 11) be granted; and

2. This action be closed.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the Board), abrogated on other grounds in Swarthout v. Cooke, 562 U.S. ___ , 131 S. Ct. 859 (2011).

DATED: December 21, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mcca1463.157